SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN KNIGHT (CSBN 209013)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5056
   FAX: (408) 535-5066
   Susan.Knight@usa.doj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> BENJAMIN ROBINSON, <br>     Defendant. | No. CR 07-00596 JF <br><br> UNITED STATES' OPPOSITION TO DEFENDANT ROBINSON'S MOTION FOR PRODUCTION AND INSPECTION OF GRAND JURY TRANSCRIPTS <br><br> Date: December 19, 2007 <br> Time: 9:00 a.m. |

**INTRODUCTION**

On December 4, 2007, defendant Robinson (hereinafter "the defendant") filed a motion with this Court seeking early disclosure of <u>Jencks</u> material. Specifically, the defendant seeks the immediate disclosure of the grand jury transcripts, including government counsel's statements to the grand jury, relating to the above-captioned case. No trial date has yet has been set in this matter.

The defendant's motion is meritless and should be denied. Early disclosure of grand jury material cannot be ordered as a matter of law pursuant to the <u>Jencks</u> Act. In addition, the

defendant fails to demonstrate any grand jury abuse justifying disclosure of the grand jury testimony. Rather, he makes numerous speculative claims about the evidence, or lack of evidence, presented to the grand jury in order to show a particularized need for the transcripts. Such unsubstantiated allegations are not sufficient to compel the disclosure of the transcripts. See United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980). The United States has previously agreed, in the interest of efficiency, to turn over the grand jury transcripts two weeks prior to trial in this case, and stands by its agreement to comply with that deadline. The defendant's request for an for an order requiring disclosure in advance of that date is factually and legally unsupportable, and should be rejected.

## ARGUMENT

AS THE JENCKS ACT PRECLUDES THE EARLY DISCLOSURE OF GRAND JURY STATEMENTS DURING DISCOVERY AS THE DEFENDANT SEEKS, AND HE HAS SHOWN NO PARTICULARIZED NEED FOR GRAND JURY TESTIMONY, DEFENDANT'S MOTION FOR DISCLOSURE SHOULD BE DENIED.

A. Early Disclosure of Witness Statements Cannot be Ordered under the Jencks Act.

The Jencks Act (18 U.S.C. § 3500) requires the government to produce any "statement" of a government witness after the witness has testified on direct. In pertinent part, the Act states:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). At 18 U.S.C.§ 3500(b), the Act requires the United States to furnish the defendant with "any statement of [a] witness . . . which relates to the subject matter as to which the witness has testified." That requirement includes statements made by the witness before a grand jury. 18 U.S.C. § 3500(e)(3). As the defendant's motion seeks statements made by potential government witnesses to the grand jury, the material requested by the defendant in this case plainly falls within the ambit of the Jencks Act.

The Ninth Circuit and others courts have uniformly held that the District Court cannot

UNITED STATES v. ROBINSON
CR 07-00596 JF

2

compel the government to disclose Jencks Act material prior to the direct examination of the testifying government witness: an order providing such is inconsistent with the express provisions of the Jencks Act and is therefore unenforceable.  United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Jones, 612 F.2d 453, 455 (9th Cir.1979); United States v. Harris, 542 F.2d 1283, 1291 (7th Cir.1976); United States v. Campagnuolo, 592 F.2d 852, 858 (5th Cir.1979); United States v. Munsey, 457 F.Supp. 1, 2-3 (E.D.Tenn.1978).

In order to promote efficiency, the government has agreed to turn over all Jencks material, including all transcripts of witness testimony, two weeks before the trial in this case.  As the Jencks Act precludes the requested order, and the government has voluntarily agreed to provide the transcripts in advance of its statutory duty, the defense motion should be denied outright.

The United States is aware of its obligation under Brady v. Maryland, 373 U.S. 83 (1963), to furnish "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or punishment." 373 U.S. at 87.  Brady, however, does not change this result.  The Jencks Act standards control the timing of disclosure of material which qualifies as both Jencks Act and Brady material.  United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979).  The United States' agreement to disclose grand jury transcripts two weeks before trial in this case therefore satisfies its Brady obligations with respect to that material as well.

  B. The United States Has Agreed To Turn Over Grand Jury Testimony Two Weeks Before Trial, and The Defendant Cannot Show Any Particularized Need Justifying Disclosure Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i).

The defendant first relies on Fed. R. Crim. P. 6(e)(3)(E)(i) as authority for his argument that he is entitled to access to grand jury testimony, including all statements made by government counsel.  Rule 6(e)(3)(E)(I) provides that "[D]isclosure otherwise prohibited [by Rule 6] of matters occurring before the grand jury may . . . be made . . . when so directed by a court preliminarily to or in connection with a judicial proceeding."  Courts have long acknowledged that an exception to the rule against disclosure of grand jury material lies with the trial court's exercise of discretion to grant access to grand jury testimony when a defendant is able to show a "particularized need" for the material outweighs the policies supporting the secrecy of grand jury

UNITED STATES v. ROBINSON
CR 07-00596 JF

3

1  proceedings.  See United States v. Procter & Gamble, 356 U.S. 677 (1958); Fed. R. Crim. P.
2  16(a)(3).

3      While the case law does not provide a precise definition for "particularized need," the
4  Supreme Court has stated that a defendant makes a sufficient showing of need by meeting the
5  following requirements: (1) the request is for materials which are necessary to "avoid a possible
6  injustice in another judicial proceeding;" (2) "the need for disclosure is greater than the need for
7  continued secrecy;" and (3) "the request is structured to cover only material so needed." Douglas
8  Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

9      The "need" articulated by defendant in this case lies in a claim of grand jury abuse.
10 Specifically, he claims that "there appear[s] to be a substantial ground" for a motion to dismiss
11 the indictment.  Defendant's Brief at p. 7.  To that end, the defendant broadly requests any
12 statements made by government counsel to the grand jury along with the transcripts of testimony
13 of all persons, including the case agent, who testified in the grand jury.  As further discussed
14 below, the defendant has failed to allege that any grounds exists for a motion to dismiss based
15 upon grand jury abuse.  His allegations of impropriety relating to evidence was not presented to
16 the grand jury, along with challenges to the credibility of investigating agents, are purely
17 speculative, and do not amount to a showing of abuse.  See  Ferreboeuf, 632 F.2d at 835.

18     The defendant also argues that the issuance of the press release in this case, which states that
19 an indictment contains only allegations against an individual, obviates the need for grand jury
20 secrecy.  On the contrary, the issuance of a press release does not waive the secrecy requirements
21 of Rule 6(e).  This justification falls short of showing "particularized need" set forth in Douglas
22 Oil Company.

23     Finally, the defendant claims that the need for secrecy is reduced because he is before the
24 Court on the charges, and is willing to enter into a protective order to limit the use of the
25 transcripts.  The need for grand jury secrecy is hardly eliminated because the defendant has been
26 indicted and appeared in court.  To order the disclosure of grand jury testimony in the instant
27 case would invite broad erosion of the principle of grand jury secrecy embodied in Rule 6(e) and
28 would require complete subversion of the Jencks Act.  In addition, as the Supreme Court has

UNITED STATES v. ROBINSON
CR 07-00596 JF

1   recognized, such premature disclosure could affect the functioning of future grand juries:

> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Douglas Oil Co., 441 U.S. at 222.

In addition, early pretrial disclosure of grand jury material threatens the public's interest in protecting government witnesses and preventing defendants and witnesses from tailoring their testimony to the government's case. It is for this reason that the Jencks Act does not require disclosure of witness statements until the end of the witness's direct testimony. 18 U.S.C. § 3500(a)-(b). Besides raising a claim of grand jury abuse, the defendant makes no showing as to how his "need" for the testimony outweighs these policy interests regarding grand jury secrecy.

### C. The Defendant Has Failed to Demonstrate Any Facts Supporting a Finding of Grand Jury Abuse Justifying Disclosure of the Transcripts.

The defendant further relies on Fed. R. Crim. P. 6(e)(3)(E)(ii) as authority to obtain the grand jury transcripts. Under Rule 6(e)(3)(E)(ii), the Court may allow the disclosure of matters occurring before a grand jury at the request of a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In order to prevail on motion for disclosure under this rule, a defendant must do more than make bare or speculative allegations of impropriety. See Ferreboeuf, 632 F.2d at 835. Rather, as the Rule 6(e) states, a defendant must establish that grounds may exist and that the grand jury materials are necessary for a court to evaluate a claim of grand jury abuse. A defendant who alleges abuse of the grand jury process carries a heavy burden to obtain a hearing on the allegations. See United States v. Al Mudarris, 695 F.2d 1182, 1185 (9th Cir. 1991) ("One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise

1 | independent judgment.").

2 | In the instant case, the defendant has failed to make the requisite showing. He alleges various
3 | instances of prosecutorial misconduct and contends that these violations tainted the independence
4 | of the grand jury thereby creating a particularized need for the grand jury transcripts in order to
5 | support his motion to dismiss the indictment. Specifically, the defendant argues that the
6 | government misled the grand jury "as to the facts, the law and the credibility of the witnesses
7 | from whom the alleged "facts" were obtained." Defendant's Brief, p. 9. For example, the
8 | defendant contends that the grand jury was misled into believing that he was <u>not</u> authorized to
9 | access TECS because the government possessed certain documentary evidence showing that he
10 | was authorized. This so-called evidence is an administrative subpoena issued by the defendant's
11 | supervisor for telephone records. He also alleges that the government was in possession of
12 | evidence that "S.S." stalked and threatened him, and speculates that there was insufficient
13 | evidence to support a stalking charge because the grand jury was not properly instructed
14 | regarding the definition of stalking. The defendant further alleges that the grand jury was not
15 | instructed as the meaning of "materiality" relating to the false statements violation, and they were
16 | improperly led to believe that the number of times the defendant accessed TECS was material to
17 | the government's investigation. Essentially, the defendant is impermissibly asking this Court to
18 | conduct an independent inquiry into the evidence presented to the grand jury based upon his
19 | theory of the case and results of his investigation. Clearly, such issues are for a jury to resolve at
20 | trial.

21 | More importantly, the defendant cannot attack the indictment based upon a claim that there
22 | was inadequate evidence presented to the grand jury. See <u>United States v. Costello</u>, 350 U.S.
23 | 359, 363 (1956); <u>United States v. Basurto</u>, 479 F.2d 781, 785 (9th Cir. 1974). As the Supreme
24 | Court stated in <u>Costello</u>:

> If indictments were to be held open to challenge on
> the ground that there was inadequate or incompetent
> evidence before the grand jury, the resulting delay would
> be great indeed. The result of such a rule would be that before
> trial on the merits a defendant could always insist on a
> kind of preliminary trial to determine the competency and
> adequacy of the evidence before the grand jury. . . .

UNITED STATES v. ROBINSON
CR 07-00596 JF

6

> An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial on the charge on the merits.

350 U.S. 359, 363-64.

Here, the defendant is clearly attempting to challenge the evidence, or lack of evidence, presented to the grand jury based on his view of the charges. The proper venue such an attack is a trial on the merits of the case. In order to alleviate any concerns that the Court may have, the government is willing to submit the grand jury transcripts for an in camera review.

As for the credibility issue, the defendant alleges that the government failed to disclose to the grand jury information bearing on the credibility of Department of Commerce Special Agent John Wanat. Special Agent Wanat, along with Special Agent John McKenna, interviewed the defendant on two occasions regarding his use of TECS relating to "S.S." Again, the defendant, without any support, claims that Special Agent Wanat has a "history of racial bias and of withholding exculpatory evidence." Defendant's Brief at p. 9.

At this juncture, the government believes that such allegations are unfounded. The government is waiting for the Chief Counsel for Industry and Security at the U.S. Department of Commerce to complete search of Special Agent Wanat's personnel files for impeachment information. The government recognizes its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and will disclose impeachment information in a timely manner.

Even assuming that the government possessed information concerning any sustained misconduct by Special Agent Wanat, (which it did not), the government was not under any obligation to present it to the grand jury. United States v. Tham, 665 F2d 855, 863 (9th Cir. 1981) ("[A] grand jury need not be advised of all matters concerning credibility [.]"); Al Mudarris, 695 F. 2d 1185 ("The prosecutor has no duty to present to the grand jury all matters bearing on credibility of witnesses or exculpatory evidence.").

In sum, the defendant's request to obtain the grand jury transcripts as a discovery tool to assist him in preparing a motion to dismiss the indictment does not constitute a "particularized need" because of his purely speculative claims. Therefore, his motion should be denied.

//

UNITED STATES v. ROBINSON
CR 07-00596 JF

**CONCLUSION**

The Jencks Act provides a presumptive statutory bar against the early disclosure of grand jury material sought by the defendant. The defendant has failed to demonstrate entitlement to an exception to the non-disclosure rule in that he has failed to establish a particularized need for the grand jury materials and failed to establish that his need for the materials outweighs policy interests in grand jury secrecy. As the defendant is not entitled to production of the grand jury materials under either Rule 6(e)(3)(I)-(ii) or 18 U.S.C. § 3500, his motion for early discovery of the grand jury material should be denied.

DATED: 12/17/07                                    Respectfully submitted,

                                                                             SCOTT N. SCHOOLS
                                                                             United States Attorney

                                                                                   /s/
                                                                             SUSAN KNIGHT
                                                                             Assistant United States Attorney