1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division
4  SUSAN KNIGHT (CSBN 209013)
   Assistant United States Attorney
5
       150 Almaden Blvd., Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5056
7      FAX: (408) 535-5066
       Susan.Knight@usdoj.gov
8
   Attorneys for Plaintiff
9

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN JOSE DIVISION
13

14  UNITED STATES OF AMERICA,         )   No. CR 07-00596 JF
                                      )
15         Plaintiff,                 )
                                      )   UNITED STATES' SENTENCING
16     v.                             )   MEMORANDUM
                                      )
17  BENJAMIN ROBINSON,                )
                                      )   Date: August 12, 2009
18         Defendant.                 )   Time: 9:00 a.m.
                                      )
19  _____ )

20     The United States hereby submits its sentencing memorandum in the above-referenced case.

21  On April 29, 2009, defendant Benjamin Robinson (hereinafter "the defendant") entered a guilty

22  plea, pursuant to a binding plea agreement, to one count of unlawfully obtaining information

23  from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(B).  In the plea agreement, the

24  parties agreed to a disposition of three years probation and $1,000 fine.

25     The government has reviewed the Presentence Report ("PSR") and has only one objection to

26  the guideline calculation.  Probation Officer Lori Timmons included a two-point enhancement

27  for an abuse of trust.  See PSR, ¶ 24.  The plea agreement does not contain such an  enhancement

28  and the government is bound by the terms of the agreement, which contains an adjusted offense

U. S.' SENT. MEMO
CR 07-000596                           1

level of 6.  Nevertheless, the disparity between Probation Officer Timmons' and the government's calculations is insignificant because both adjusted offense levels, when indexed with a Criminal History Category of I, result in a guideline range of 0 to 6 months.  Probation Officer Timmons concurs with the sentencing recommendation in the plea agreement, and the government requests that the Court adopt the sentence because it is a reasonable sanction for the defendant's conduct.  The defendant, who lost is job as a result of the instant conduct, has accepted responsibility for his actions.  A probationary sentence will impress upon him the seriousness of his actions, and will deter him from making the same mistake in judgment again.

Finally, Probation Officer Timmons has recommended that the defendant complete 125 hours of community service in lieu of a fine.  The government recognizes that the defendant does not have the ability to pay a fine, and believes that community service is a suitable alternative.  The Court is required to impose a special assessment of $25.00.

DATED: 8/10/09                              Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                                  /s/
                                            SUSAN KNIGHT
                                            Assistant United States Attorney